Per Curiam.
 

 This matter pertains to the apportionment of Wayne County, a charter county, based on the 2000 census. MCL 45.501
 
 et seq.
 
 We previously vacated the apportionment plan adopted by the Wayne County Apportionment Commission (respondent), holding that because the population divergence of any reapportioned district could not depart from perfect equality by more than 5.95 percent (in addition to the 11.9 percent total allowable divergence), the adopted plan (the Montgomery Plan) failed to meet the requirements of the laws of this state. We remanded for adoption of a plan consistent with our decision.
 
 In re Apportionment of Wayne Co—2001,
 
 
 *616
 
 248 Mich App 89; 637 NW2d 841 (2001). Petitioners sought rehearing, asserting that MCL 45.505(6) compelled this Court to direct respondent on remand to adopt petitioners’ plan (the Price Plan) as the apportionment plan for Wayne County. We granted petitioners’ motion for rehearing with regard to this remedy question only, and requested additional briefing and oral argument. We now conclude that respondent correctly argues that, on remand, it was free to adopt any properly submitted apportionment plan that complied with the law. Accordingly, the substantive relief sought by petitioners in their motion for rehearing is denied.
 

 On rehearing, the main question we consider is whether, on remand, the scope of respondent’s authority is at all limited, where the Montgomery Plan invalidated by this Court had been adopted by respondent “within 60 days but not less than 30 days” after respondent had available to it relevant census data. Petitioners contend that after this Court vacated the Montgomery Plan and remanded for adoption of a new plan, the commission was required to select a replacement plan from among those valid plans submitted to the commission during the sixty days prescribed by MCL 45.505(6). Petitioners further contend that the Price Plan was the only valid plan submitted to respondent during this sixty-day statutory window and that, accordingly, this Court was compelled to order that respondent on remand adopt the Price Plan.
 
 [1]
 
 We disagree.
 

 MCL 45.505(6) provides:
 

 
 *617
 
 If the apportionment commission has
 
 failed to submit
 
 a plan for its county
 
 within 60 days but not less than 30 days
 
 after the latest official published census figures are available or within an additional time as may be granted by the court of appeals for good cause shown on petition from the apportionment commission, any registered voter of the county may submit a plan to the commission for approval. The apportionment commission shall choose, from among those plans submitted, a plan meeting the requirements of the laws of this state and shall file the plan in the office of the county clerk as provided in this section within 30 days after the deadline for filing of the apportionment commission’s own plan or any extension granted on the filing of the plan. [Emphasis added.]
 
 [2]
 

 As our Supreme Court stated in
 
 Macomb Co Prosecutor v Murphy,
 
 464 Mich 149, 158; 627 NW2d 247 (2001):
 

 In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature’s intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished. [Citations omitted.]
 

 Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used,
 
 Phillips v Jordan,
 
 241 Mich App 17, 22, n 1; 614 NW2d 183 (2000), citing
 
 Western Michigan Univ Bd of Control v Michigan,
 
 455 Mich 531, 539; 565 NW2d 828 (1997). Further, the language must
 
 *618
 
 be applied as written,
 
 Camden v
 
 Kaufman, 240 Mich App 389, 394; 613 NW2d 335 (2000);
 
 Ahearn v Bloomfield Charter Twp,
 
 235 Mich App 486, 498; 597 NW2d 858 (1999), and nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself.
 
 In re S R,
 
 229 Mich App 310, 314; 581 NW2d 291 (1998).
 

 In MCL 45.505, our Legislature established a process that allows apportionment commissions wide latitude in carrying out their political and legislative tasks. See
 
 In re Apportionment of Clinton Co—1991 (After Remand),
 
 193 Mich App 231, 236-237; 483 NW2d 448 (1992). The interpretation of MCL 45.505(6) offered by petitioners conflicts with the plain language of the statute as well as the broad latitude to be afforded the commission. Contrary to petitioners’ assertion, MCL 45.505(6) does not divest an apportionment commission of its authority to select an apportionment plan from among a variety of proposals when it fails to adopt a plan in the first thirty days after the latest official published census figures are available. While the statute creates a right of registered voters to submit plans for consideration by the commission, the discretion of an apportionment commission to select a plan is restricted only in limited circumstances. The statute requires the commission to adopt a plan submitted to the apportionment commission during the initial sixty days by a registered voter only when the commission has failed to adopt a plan within sixty days after the latest census figures become available. MCL 45.505(6), then, is more properly read as restricting the plans the apportionment commission can consider for adoption only
 
 *619
 
 when the apportionment commission fails to act within the required sixty days.
 

 Whether the plan ultimately adopted and filed is a voter-submitted plan or one originated by the apportionment commission or its staff, judicial review is available pursuant to MCL 45.505(5). Where the apportionment commission has adopted a plan within the time constraints of MCL 45.505(6), nothing in the language of MCL 45.505(5) suggests that the scope of judicial review is greater, or that the authority of an apportionment commission is more restricted, when the original plan is vacated as invalid by this Court and this Court directs the commission to adopt a new plan. Similarly, nothing in the language of MCL 45.505(6) supports the conclusion that the apportionment commission may only consider voter plans submitted during the initial sixty-day window established by the statute, if this Court finds the original plan adopted by the commission to be invalid. Thus, we reject petitioners’ assertion that because we vacated the original plan adopted by the apportionment commission, the statute requires this Court to now direct the commission to adopt the Price Plan.
 

 Prior decisions of the Supreme Court and this Court support the interpretation of the statutory scheme we reach here today. In
 
 Apportionment of Wayne Co Bd of Comm’rs—1982,
 
 413 Mich 224, 236, n 9; 321 NW2d 615 (1982), the Supreme Court described MCL 45.505(6) as permitting registered voters to submit plans “if” an apportionment commission does not submit a plan. In
 
 In re Apportionment of Delta Co Bd of Comm’rs—1982,
 
 113 Mich App 178, 182; 317 NW2d 568 (1982), this Court remanded to the apportionment commission for adoption of a new
 
 *620
 
 plan. Although seven plans had been submitted to the commission before it adopted the plan invalidated on appeal, this Court did not limit the discretion of the apportionment commission to determine either which, if any, of the remaining plans it would consider on remand or which plan the commission could ultimately adopt.
 
 Id.
 
 at 181-182.
 

 Petitioners’ reliance on
 
 Apportionment of Oakland Co Bd of Comm’rs—1972,
 
 40 Mich App 493, 495, n 2; 199 NW2d 234 (1972), is misplaced. The footnote relied on refers only to the statutory right of registered voters to submit plans to the apportionment commission for approval. Where the apportionment commission acts within the time frame required by the statute, however, nothing in the statute requires the commission to adopt a voter-submitted plan or requires this Court to order the adoption of a voter-submitted plan as argued by petitioners. As we noted in our original opinion in this case,
 
 In re Apportionment of Wayne Co—2001, supra
 
 at 92, and as our Supreme Court recently reiterated, “[ejection redistricting is principally a legislative function.” See
 
 LeRoux v Secretary of State,
 
 465 Mich 594, 619; 640 NW2d 849 (2002). See also
 
 In re Apportionment of Clinton Co—1991 (After Remand), supra
 
 at 236. The statutory scheme for county reapportionment on remand from this Court continues to protect the political nature of the process and limits judicial intervention to instances where the apportionment commission has failed to perform its duties in a constitutional manner.
 
 LeRoux, supra.
 

 In summary, the relief requested in petitioners’ motion for rehearing is denied. Our opinion of October 26, 2001, is affirmed, and the proceedings com
 
 *621
 
 menced in this Court by the Petition for Review filed July 6, 2001, are now concluded.
 
 [3]
 

 [1]
 

 We will assume without deciding for purposes of this opinion that the Price Plan was a valid plan.
 

 [2]
 

 We note this language is almost identical to MCL 46.407.
 

 [3]
 

 We note that as we directed and within the thirty-day period we imposed, on remand the respondent adopted a new plan and simultaneously filed that plan with the county clerk on November 15, 2001. Petitioners filed their motion for rehearing with regard to the remedy only on November 16, 2001. Respondent filed the new apportionment plan with this Court on November 21, 2001, and no petition for review of this new plan was submitted to this Court within thirty days after the filing of the new plan. On February 8, 2002, this Court granted petitioners’ motion for rehearing. We must disagree with petitioners’ assertion that the apportionment plan adopted by respondent on November 15, 2001, has no bearing on the outcome of these proceedings. Because our original opinion of October 26, 2001, was not a judgment within the meaning of MCR 7.215(E), our opinion and the directives therein were not stayed by the subsequent order of February 8, 2002, granting rehearing with regard to the remedy question only. As such, not only was respondent required to comply with this Court’s directive to adopt a new plan within thirty days of our opinion and to file that plan with the county clerk and this Court but, importantly, the statutory period for seeking judicial review of the new plan after it was filed was not stayed.
 

 Because we have rejected petitioners’ contention that respondent was required to adopt the Price Plan on remand, and because no objection has been filed with this Court to the new plan adopted and filed by respondent on November 15, 2001, pursuant to MCL 45.505(7), the November 15, 2001, plan is deemed the official apportionment plan for Wayne County. As required by MCL 45.505(4), the county clerk must promptly forward a copy of the plan to the Secretary of State if such action has not already occurred.