*In re* JOBE ESTATE

Docket No. 97929. Submitted December 15, 1987, at Lansing. Decided
    January 20, 1988.

The two children of Anna Jobe, deceased, Norma Ray and Robert
    E. Jobe, entered into an agreement to change the distribution
    of the assets of Anna Jobe's estate. At the time the agreement
    was made, Robert E. Jobe was the estate's personal representa-
    tive. Norma Ray objected to the final accounting filed by Robert
    E. Jobe, alleging that the change of distribution agreement was
    obtained through undue influence and demanding a full one-
    half share of the estate's assets. The Washtenaw County Pro-
    bate Court, John N. Kirkendall, J., ruled that the agreement
    was enforceable and allowed the final accounting. Norma Ray
    appealed.

The Court of Appeals *held:*

1. An estate claimant attacking an agreement to change
    distribution as having been obtained through undue influence
    has the burden of establishing the basis for invalidating the
    agreement. The court's conclusion that the claimant had not
    met her burden was not clearly erroneous.

2. The validity of the agreement was not affected by the fact
    that Robert E. Jobe was not only an heir but also the estate's
    personal representative.

3. Robert E. Jobe's involvement in the agreement did not
    constitute a breach of fiduciary duty or self-dealing.

Affirmed.

1. EXECUTORS AND ADMINISTRATORS — FINAL ACCOUNTS — AGREE-
       MENTS TO CHANGE DISTRIBUTION — BURDEN OF PROOF.

An estate claimant attacking an agreement to change distribu-
    tion as having been obtained through undue influence has the
    burden of establishing the basis for invalidating the agreement.

REFERENCES

Am Jur 2d, Descent and Distribution §§ 6, 10; Executors and
    Administrators §§ 14, 15, 514, 550-560, 594.

Family settlement of intestate estate. 29 ALR3d 174.

See also the annotations in the Index to Annotations under Dece-
    dents' Estates; Descent and Distribution; Executors and Adminis-
    trators; Undue Influence.

2. EXECUTORS AND ADMINISTRATORS — AGREEMENTS TO CHANGE DIS-
   TRIBUTION.

   The validity of an agreement to change distribution made by the
   two heirs to an intestate estate is not affected by the fact that
   one of the heirs is also the estate's personal representative
   (MCL 700.216[7]; MSA 27.5216[7]).

3. EXECUTORS AND ADMINISTRATORS — AGREEMENTS TO CHANGE DIS-
   TRIBUTION.

   A personal representative who is also one of two heirs of an
   estate does not breach his fiduciary duty or engage in self-
   dealing where he enters into an agreement with the other heir
   to change the distribution of the estate (MCL 700.345; MSA
   27.5345).

*Patrick J. McDonald,* for claimant Norma Ray.

*Robert L. Martin* and *Donald R. Chisholm,* for
the personal representative, Robert E. Jobe.

Before: HOOD, P.J., and SAWYER and T. E. JACK-
SON,* JJ.

PER CURIAM. This appeal centers on a dispute
over the distribution of the assets of the estate
between the deceased's daughter, claimant, and
the deceased's son, the personal representative.
Decedent died intestate, leaving the two parties as
heirs at law. The primary asset of the estate was
the proceeds of a personal injury suit, which the
estate settled after decedent's death for a net
amount of over $100,000.

On October 24, 1984, claimant executed an
agreement to accept $10,000 as her share of the
estate. The fact that claimant was to receive a
smaller share of the estate than her brother ap-
parently arises out of the fact that her brother
spent a great deal of time caring for his mother in
her final years.

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

After the personal representative submitted his final accounting of the estate to the probate court, claimant filed an objection, arguing that her agreement to accept $10,000 as her share of the estate was invalid. Claimant sought a full one-half share of the estate. The probate court ruled that the agreement was enforceable and allowed the final accounting. Claimant was awarded her $10,000 and the residue of the estate went to her brother. Claimant now appeals and we affirm.

I

Claimant argues that the burden of proof for invalidating an agreement to change the distribution of an estate rests on the person relying on the agreement. Claimant, however, is incorrect. Although the fiduciary does have the burden of sustaining and establishing the correctness of his account, where the exceptions to the account are of an affirmative nature, such as fraud, negligence or bad faith, the burden of sustaining those exceptions rests on the contestant. *In re LaFreniere's Estate*, 316 Mich 285, 290-291; 25 NW2d 252 (1946).

Claimant's attack on the agreement is affirmative in nature, namely, that the agreement was procured through undue influence. Accordingly, the burden rested with her to establish the basis for invalidating the agreement. The trial court's findings that she entered into the agreement voluntarily, freely and with full knowledge of the consequences indicates that the trial court concluded that claimant did not meet her burden. We cannot say that the trial court's conclusion was clearly erroneous. MCR 2.613(C).

II

Next, claimant argues that MCL 700.216(7);

MSA 27.5216(7), which allows for agreements to change the distribution of the estate from that provided for by a will or the laws of intestacy, applies only to agreements between heirs and not to agreements between an heir and a personal representative. The flaw in claimant's argument is that her brother's status as personal representative is irrelevant to the validity of the agreement to change the distribution of the assets of the estate from that provided for by the laws of intestacy.

Robert Jobe has two roles in this case, one as personal representative and one as an heir at law. The agreement which was executed providing for claimant's reduced share in the estate was a matter between claimant and her brother as heirs of their mother. The fact that Robert Jobe was also the personal representative of the estate is relevant only in that the agreement would affect how he would discharge his duties as personal representative in distributing the estate's assets. Whether he was the personal representative, or claimant was, or a third party was, does not affect the fact that the agreement was one between heirs concerning the distribution of the estate.[1]

### III

Finally, we combine the party's final two issues for discussion. In essence, claimant argues that the personal representative violated his fiduciary duty and engaged in self-dealings by entering into the agreement with claimant concerning her reduced share in the estate. We disagree.

First of all, we are not convinced that the agree-

---

[1] We note that we also concur in the trial court's reasoning and conclusion that it was sufficient that the agreement was signed only by the party seeking to invalidate the agreement, namely claimant.

ment involves Robert Jobe's status as the personal representative of the estate. Rather, as discussed above, we believe that he was acting in his role as heir. Second, we believe it somewhat attenuated to call his entering into the agreement a form of self-dealing. Rather, self-dealing concerns itself with a sale or encumbrance of property to the personal representative. See MCL 700.345; MSA 27.5345. That is, a breach of the fiduciary duty in this regard normally arises where the personal representative drains the assets of the estate to his benefit by engaging in a transaction with the estate at other than fair market value.

In the case at bar, Robert Jobe did not engage in a transaction with the estate by entering into the agreement. Rather, he engaged in a transaction with claimant as an heir, not as a personal representative. However, even assuming that MCL 700.345; MSA 27.5345 is applicable, it provides no basis for reversing the trial court. That statute explicitly allows for self-dealing where there is fair disclosure and consent. The trial court found that claimant voluntarily entered into the agreement after a fair disclosure of the assets of the estate. We cannot say that the trial court's conclusion was clearly erroneous. MCR 2.613(C). Accordingly, the personal representative's involvement in the agreement, even if it constituted self-dealing, was in accordance with the requirements of the statute.

Affirmed. The personal representative may tax costs.