## *In re* FLURY ESTATE
## FLURY v HORTON

Docket No. 220977. Submitted December 4, 2001, at Detroit. Decided January 15, 2002, at 9:10 A.M. Leave to appeal sought.

Gerald and Elizabeth Flury filed a petition in the Macomb County Probate Court seeking to have admitted to probate the alleged lost holographic will of Gloria Flury leaving her entire estate to Gerald Flury, her brother. Marvin Flury, father of Gerald and Gloria Flury, responded to oppose the petition and also sought a determination regarding the validity of an assignment he executed that assigned his interest in the decedent's estate to Gerald Flury. A jury found that a holographic will existed, that it was validly written, and that Gerald Flury was the sole heir. The jury also found that the assignment from Marvin Flury to Gerald Flury was made without consideration, but was not the result of undue influence and was not executed as a result of actual or constructive fraud. The court, James F. Nowicki, J., entered a judgment consistent with the findings of the jury. Marvin Flury appealed from the order admitting the will to probate and the denial of his motion for judgment notwithstanding the verdict. Gerald and Elizabeth Flury cross appealed, claiming that the probate court erred in submitting to the jury the issue regarding the validity of the assignment. The Court of Appeals, MICHAEL J. KELLY, P.J., and BANDSTRA and S. B. MILLER, JJ., reversed and remanded for a new trial, holding that there was no evidence that the decedent drafted and executed the will in accordance with the requirements of MCL 700.123 and there was no testimony by at least two reputable witnesses establishing the execution and contents of the alleged lost will, as required by MCL 700.149(1). The Court of Appeals further held that the probate court had improperly admitted evidence concerning Marvin Flury's poor relationship with his family and that this likely tainted the jury's consideration of the assignment issue to Marvin Flury's detriment. The Court of Appeals instructed the probate court to limit such evidence on retrial. 218 Mich App 211 (1996). Marvin Flury died before the case was retried, and Alice Horton, personal representative of Marvin Flury's estate, was substituted in his place. Following retrial before a jury, the probate court directed a verdict in favor of Horton with regard to the issue of the lost holographic will, ruling that Gerald

and Elizabeth Flury failed to produce two witnesses to testify that a holographic will was executed by Gloria Flury. The probate court also entered a judgment consistent with the jury's finding that the assignment from Marvin Flury to Gerald Flury was valid. Horton appealed, and Gerald and Elizabeth Flury cross appealed.

The Court of Appeals *held*:

1. The probate court did not err in denying Horton's request that the jury be instructed that consideration was a necessary element for a valid assignment of Marvin Flury's interest in the estate of Gloria Flury. MCL 700.216(7), which was controlling at the time this case was decided, provided that successors could agree among themselves to alter the interests, shares, or amounts to which they were entitled under the will of a decedent or under the laws of intestacy in any way that they provided in a written agreement executed by all who were affected by its provisions. The statute did not require consideration for the assignment at issue in this case.

2. The probate court did not abuse its discretion in denying a motion for a mistrial on the basis of an assertion by Horton that a portion of Gerald Flury's direct examination included questions and answers pertaining to Marvin Flury's estranged relationship with Gloria Flury. In her appellate brief, Horton failed to explain or rationalize how the questions and answers rise to the level of requiring a mistrial. The questions and answers were not unduly prejudicial to Horton. If the probate court erred in allowing the challenged questions and answers, the error was harmless.

3. The issues raised on cross appeal need not be addressed in light of the disposition of the issues raised by Horton.

Affirmed.

Wills — Alteration of Successors' Interests — Consideration.

The statute that, subject to the rights of creditors and taxing authorities, allowed competent successors and fiduciaries of minors or incapacitated persons to alter the interests, shares, or amounts to which they were entitled under the will of a decedent or under the laws of intestacy in any way that they provided in a written agreement executed by all who were affected by its provisions did not require the payment of consideration to a person relinquishing an interest in the decedent's estate (MCL 700.216[7], repealed effective April 1, 2000).

*Suzanne V. Longstreet*, for Gerald and Elizabeth Flury.

*Wilson, Lawler & Lett, PLC* (by *R. David Wilson*
and *Steven T. Lett*), for Alice Horton.

Before: COOPER, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM. Alice Horton, personal representative
of the estate of Marvin Flury[1] (respondent), appeals
as of right from the jury's verdict finding that Marvin
Flury assigned all of his rights in Gloria Flury's estate
to petitioner Gerald Flury. Gerald and Elizabeth Flury
(petitioners) cross appeal. We affirm.

This case is before this Court for a second time.
The facts that preceded the first appeal are set forth
in *In re Flury Estate*, 218 Mich App 211; 554 NW2d 39
(1996). A pertinent portion of those facts is repro-
duced below:

> Respondent [Marvin] is the father of petitioner Gerald
> Flury and the decedent, Gloria Flury, who died June 13,
> 1991, leaving a sizeable estate. Petitioners contend that Glo-
> ria had written a holographic will leaving everything to Ger-
> ald. When the will turned up missing, Gerald, an attorney,
> visited his elderly estranged father and obtained, among
> other documents, an executed assignment of his father's
> interest in Gloria's estate. Admission of the lost will was
> sought by petitioners and contested by respondent. A trial
> by jury was conducted . . . [and] Gerald, the proponent of
> the lost will, prevailed. The jury found that a holographic
> will existed, that it was validly written, and that Gerald was
> the sole heir. The jury also found that the assignment from
> respondent to Gerald was without consideration, but was
> not the result of undue influence and was not executed as a
> result of actual or constructive fraud. [*Id.* at 213.]

---

[1] We note that respondent Marvin Flury is deceased. By order of the
trial court on November 18, 1998, Marvin's estate was substituted in his
place with Alice Horton, also known as Irene Horton, his friend, acting as
the personal representative.

In the previous case, this Court reversed the decision of the probate court and remanded for a new trial. *Id.* at 220. In reaching this conclusion, this Court stated that the probate court had improperly admitted evidence concerning Marvin's poor relationship with his family and that this "likely tainted the jury's consideration of the assignment issue to [Marvin's] detriment." *Id.* The probate court was instructed to limit this evidence on remand. *Id.*

During the retrial, the probate court, following this Court's prior opinion, allowed very few details of the parties' familial relationships into evidence. The probate court also directed a verdict in favor of respondent with regard to the issue of the holographic will because petitioners failed to produce two witnesses to testify that a holographic will was executed by Gloria. Thereafter, the jury determined that Marvin's assignment of his estate interest to petitioner Gerald was valid.

Respondent first argues on appeal that the trial court erred in failing to instruct the jury that consideration is a necessary element for a valid assignment.[2] We disagree. Claims of instructional error are reviewed de novo on appeal. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000).

> [W]e examine the jury instructions as a whole to determine whether there is error requiring reversal. . . . Even if

---

[2] Respondent also raises the argument in her appellate brief that the trial court improperly refused to instruct the jury that there is a presumption of undue influence where there is a fiduciary relationship. However, this issue is waived on appeal because it was not raised in the statement of questions presented. *Wallad v Access BIDCO, Inc*, 236 Mich App 303, 309; 600 NW2d 664 (1999); MCR 7.212(C)(5). Similarly, respondent's claim that the evidence supported a finding of fraud or undue influence is not properly before this Court. *Id.*

somewhat imperfect, instructions do not create error requiring reversal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury. We will only reverse for instructional error where failure to do so would be inconsistent with substantial justice. [*Id.* (citations omitted).]

Respondent relies on *Goodrich v Waller*, 314 Mich 456; 22 NW2d 862 (1946), for the proposition that consideration is required for an assignment to be valid. In *Goodrich* the Supreme Court declared that assignments of an inheritable interest in an estate require valid consideration. *Id.* at 470. In this regard, the Supreme Court stated:

Furthermore, there was no valid consideration for the assignments. No money was paid to plaintiffs, and the record is convincing that they executed the assignments as an accommodation to defendant in the belief that their interests in the Halstead estate were of little, if any, value. . . . While the settlement of family disputes should be encouraged, nevertheless, a valid consideration must be shown for an assignment of an inheritable interest in an estate. There was no consideration for the assignments in question from plaintiffs to defendant. [*Id.* at 469-470.]

While *Goodrich* appears to support respondent's argument in this case, respondent fails to note that the Legislature has since enacted MCL 700.216(7).[3] "[W]here comprehensive legislation prescribes in detail a course of conduct to pursue and the parties and things affected, and designates specific limitations and exceptions, the Legislature will be found to have intended that the statute supersede and replace

---

[3] MCL 700.216(7) was in effect at the time of trial in this case. It was subsequently repealed, effective April 1, 2000. MCL 700.3914 now addresses the issue of agreements between heirs and is similar in substance.

the common law dealing with the subject matter."
*Millross v Plum Hollow Golf Club*, 429 Mich 178, 183;
413 NW2d 17 (1987). MCL 700.216 was part of the
Revised Probate Code and it prescribed in detail the
course of conduct to pursue when successors wished
to alter the wishes of the deceased. Thus, we con-
clude that at the time this case was decided, MCL
700.216(7) was the controlling law.

MCL 700.216(7) provided:

> Subject to the rights of creditors and taxing authorities,
> competent successors and fiduciaries of minors or incapaci-
> tated persons may agree among themselves to alter the
> interests, shares, or amounts to which they are entitled
> under the will of the decedent *or under the laws of intes-
> tacy, in any way that they provide in a written agreement
> executed by all who are affected by its provisions.* The fidu-
> ciary shall abide by the terms of the agreement subject to
> his obligation to administer the estate for the benefit of
> creditors, to pay all taxes and costs of administration, and
> to carry out the responsibilities of his office for the benefit
> of any successors of the decedent who are not parties.
> [Emphasis added.]

"Statutes should be interpreted consistently with their
plain and unambiguous meanings." *Stozicki v Allied
Paper Co, Inc,* 464 Mich 257, 263; 627 NW2d 293
(2001). The plain language of MCL 700.216(7) does
not require that consideration be given when an
agreement is made regarding the interests, shares, or
amounts of an estate. It simply requires a signed writ-
ing. For example, in *In re Jobe Estate,* 165 Mich
App 774, 775; 419 NW2d 65 (1988), a brother and sis-
ter entered into a written agreement concerning their
shares of their mother's estate. Thereafter, one of the
parties claimed that the agreement was procured
through undue influence. *Id.* at 776. However, this

Court explained that MCL 700.216(7) allowed for agreements to change the distribution of an estate between heirs. *In re Jobe Estate, supra* at 776-777. We note that there was no consideration paid in that case and that the validity of the assignment was upheld.

In the instant case, it is uncontested that a writing exists wherein Marvin gave his interests in the estate to petitioner Gerald. There is also evidence of Marvin's awareness of the approximate worth of Gloria's estate. Indeed, before being told the actual value of Gloria's estate, Marvin told his nephew that the estate must be worth around $250,000 because Gloria had Kmart stock and was "tight-fisted." Moreover, in concluding that the assignment was valid, the jury determined credibility issues in favor of petitioner Gerald and rejected arguments that the agreement was involuntary or that Marvin did not have necessary information disclosed to him. See *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996). We find no error in the probate court's denial of respondent's request for an instruction on the issue of consideration and conclude that the assignment was valid.

Respondent further claims that the probate court abused its discretion by allowing petitioners to admit evidence that the Court of Appeals had previously prohibited and classified as prejudicial. As a result of this error, respondent opines that the probate court should have granted her motion for a mistrial. We disagree. "Whether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice." *Persichini v*

*William Beaumont Hosp*, 238 Mich App 626, 635; 607 NW2d 100 (1999). A mistrial should be granted only when the error prejudices one of the parties to the extent that the fundamental goals of accuracy and fairness are threatened. *Id.* at 635-636; *Wischmeyer v Schanz*, 449 Mich 469, 481; 536 NW2d 760 (1995).

Respondent argues that the following exchanges during the direct examination of petitioner Gerald require a mistrial:

> *Q.* Let me ask you something. On the date of Gloria's death, what was her relationship with Marvin Flury?
> *A.* I don't believe—
> *Mr. Wilson:* Your Honor—
> *The Witness:*— spoken in 25 years.
>
> $*$     $*$     $*$
>
> *Q.* And what, if anything, did you discuss with [Marvin Flury] at that point?
> *A.* I think I mentioned to him that he and Gloria had never gotten along.

However, respondent fails to explain or rationalize in her appellate brief how these questions and answers rise to the level of requiring a mistrial. Instead, respondent simply concludes that she was entitled to a mistrial. An appellant is not permitted to announce his position and leave it to this Court to rationalize the basis for his claims. *Caldwell v Chapman*, 240 Mich App 124, 132-133; 610 NW2d 264 (2000).

Nonetheless, we do not find that the questions and answers were unduly prejudicial. It was obvious from the testimony legitimately presented at trial that Marvin had no relationship with Gloria. In fact, Marvin testified that he had only read about Gloria's death in

the paper, failed to attend her funeral, and stated that he never received anything from her and did not want anything. More importantly, in *In re Flury Estate*, *supra* at 217, this Court specifically expressed concern over the evidence "scrutinizing" Marvin's relationship with his ex-wives and other failed relationships with women. The questions and answers at issue in this case did not relate to the highly prejudicial evidence that was expressly condemned by this Court. However, even if the challenged questions and answers were improper, the errors were harmless. The jury heard information that was already apparent from the legitimate record. We further note that after respondent's motion for a mistrial, there were no more "impermissible" questions or answers.

In light of our disposition of this case, we decline to address the issues raised in petitioners' cross appeal.

Affirmed.