BURCH *v.* NORTON HOTEL CO.

1. CORPORATIONS—BUSINESS MANAGED BY DIRECTORS.
   Business affairs of corporation are managed by directors unless stockholders properly intervene.

2. SAME—CORRECTION OF MISMANAGEMENT—INTERVENTION OF COURT.
   Stockholder may not invoke intervention of court without request for action by corporate officers and refusal by such officers to act, unless they are disqualified by misconduct equivalent to breach of trust or occupy relation which prevents unprejudiced exercise of judgment, and, therefore, request for action would be futile.

3. SAME—EQUITY—WHEN COURT WILL INTERVENE.
   Court of equity has power to intervene and correct abuses practiced by directors of corporation and may do so upon showing that it would be useless to request corporate officers to take action.

4. SAME—BURDEN OF PROOF—MISMANAGEMENT.
   Burden rests upon complaining stockholder, when permitted to bring suit involving matters *intra vires,* to show that there has been fraudulent or oppressive mismanagement of corporate affairs by action of officers or of majority of stockholders.

5. SAME—RIGHT OF STOCKHOLDER TO MAINTAIN SUIT.
   Where stockholder participating in directors' and stockholders' meetings failed to protest against action fixing salaries of manager and his assistants over period of 10 years at what he now claims was excessive amount, he is not entitled to maintain suit for accounting and to compel refund of alleged excess paid.

Appeal from Wayne; Richter (Theodore J.), J. Submitted November 3, 1932. (Docket No. 120, Calendar No. 36,821.) Decided January 3, 1933.

Bill by Edwin A. Burch, stockholder, against Norton Hotel Company, a Michigan corporation, and others for an accounting as to alleged excessive

salaries. Bill dismissed. Plaintiff appeals. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright* (*Charles H. L'Hommedieu* and *Robert W. Conder,* of counsel), for plaintiff.

*Behr & Coolidge* (*Fred A. Behr,* of counsel), for defendant.

WIEST, J. Plaintiff, a minority stockholder in the Norton Hotel Company of Detroit, filed the bill herein to obtain a decree requiring defendants Charles W. Norton, Preston Norton, and Ralph Norton to refund to the corporation excess salaries paid to them for 10 years preceding September 13, 1929, the time of filing the bill. The bill was dismissed, and plaintiff reviews by appeal. The salary of Charles W. Norton, from time to time, was fixed by resolution of stockholders at annual meetings, and the salaries of the other defendants, it is claimed, were fixed by their father, Charles W. Norton, as manager. The circuit judge found that the salaries were not exorbitant, and that of Charles W. Norton, in each instance, was fixed by resolution of the stockholders, and plaintiff was present and voted for the same or his proxy so voted, and his failure to complain during the 10 years of great profit during which he received 113 per cent. return on his investment constituted estoppel and laches.

During the 10-year period the company not only declared 113 per cent. in dividends to its stockholders but paid in full a funded indebtedness of $125,000, and $25,000 of bank indebtedness. The board of directors of the company during the 10 years consisted of four men of affairs, outside of the Nortons, and at no time was the board dominated by defendants Norton. Plaintiff, as a director, was

not satisfied at all times with the salary voted to Charles W. Norton, and, at one time, threatened suit if the action of the board was not submitted to the stockholders. The action of the board was submitted to the stockholders and approved. This attitude of plaintiff probably accounts for the annual submission of the salary to stockholders.

We quote now from the brief of plaintiff:

"On January 24, 1919, the directors voted C. W. Norton a salary of $500 per month for services during the construction of the hotel from November 1, 1915, to June 1, 1919, and to continue at the same figure. Mr. Burch was not present at this meeting and on hearing of the action of the directors insisted that the matter be submitted to the stockholders. This was done and they approved the action of the directors. Mr. Burch did not vote because it was clear that there was a majority in favor of the motion.

"On May 10, 1920, the stockholders by resolution increased the defendant C. W. Norton's salary to $10,000 per year. On January 8, 1923, the stockholders by resolution increased the defendant C. W. Norton's salary to $12,000 per year. On January 14, 1924, the stockholders by resolution increased the defendant C. W. Norton's salary to $15,000 per year and on January 11, 1926, the stockholders by resolution increased the defendant C. W. Norton's salary to $20,000 per year."

At the time of the hearing C. W. Norton was receiving a salary of $8,000 per year.

"The defendants Ray, Preston and Ralph Norton are sons of the defendant C. W. Norton. He placed them in the hotel. Ray was secretary of the Norton Hotel Company. On his death Preston succeeded him. Both Ray and Preston performed the duties of room clerk and assisted in the management of the hotel. Ralph was cashier. No resolutions were

passed at any time prior to the institution of this suit which gave compensation to either Ray or Preston Norton for their services as secretary of the Norton Hotel Company. Their salaries, together with that of their brother Ralph, were fixed by the defendant C. W. Norton. Ray's salary was increased by the defendant C. W. Norton from $85 per week in 1920 to $110 per week in 1924. Preston's salary was increased by defendant C. W. Norton from $60 per week in 1920 to $150 per week in 1927. Ralph's salary was increased by defendant C. W. Norton from $40 per week to $85 per week in 1927 and was reduced to $50 per week in 1929.''

Plaintiff did discuss the matter of salaries with individual directors, but did not protest at stockholders' or directors' meetings. Neither did he at any time request that this suit be brought by the corporation. This appears to be an instance where plaintiff, a minority stockholder, has participated in the corporate management as a director without protest at directors' meetings against the action he now wants the court to review and annul and substitute its judgment for that of the directorate and the stockholders.

It is familiar law that the business affairs of a corporation are managed by the directors, unless stockholders properly intervene. A stockholder may not invoke the intervention of a court without request for action by the corporate officers and refusal by such officers to act, unless the officers are disqualified by misconduct equivalent to a breach of trust or occupy a relation which prevents an unprejudiced exercise of judgment, and, therefore, a request for action would be futile. The court of equity has power to intervene and correct abuses practiced by directors of a corporation and may do so upon a showing that it would be useless to

request the corporate officers to take action. The burden, however, rests upon the complaining stockholder, when permitted to bring suit involving matters *intra vires,* to show that there has been fraudulent or oppressive mismanagement of the corporate affairs by action of the officers or of the majority stockholders.

We think the circuit judge reached the right conclusion. The decree is affirmed, with costs to defendants.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred. FEAD, J., did not sit.