CAMDEN v KAUFMAN

Docket No. 214755. Submitted January 5, 2000, at Detroit. Decided March 31, 2000, at 9:00 A.M.

Howard B. Camden, a former shareholder of H.W. Kaufman Financial Group, Inc. (HWK), brought an action in the Oakland Circuit Court, Rudy J. Nichols, J., against Herbert W. Kaufman, president, chief executive officer, and a director of HWK; Alan Kaufman, treasurer and a director of HWK, who is Herbert's son and the principal owner of AJK Acquisition Company (AJK); and other directors of HWK, alleging breach of fiduciary obligations as a result of the cash out of HWK's common stock when HWK merged into AJK. The court granted the plaintiff's motion for class certification and the defendants' motion for summary disposition, finding the requirements of MCL 450.1545a; MSA 21.200(545a) satisfied on the basis that the plaintiff failed to dispute that the transaction had been approved by disinterested directors and a majority of the shareholders, including the plaintiff, when the proxy statement had disclosed the circumstances surrounding the transaction. The plaintiff appealed from the order granting summary disposition and the defendants cross appealed from the order granting class certification.

The Court of Appeals *held*:

1. The general rule that a shareholder who assents to a corporate transaction may not later challenge the transaction in court has an exception that allows a challenge where it is demonstrated that complaining to the directors or requesting that they act differently would have been futile. That exception is not applicable in this case. The plaintiff's allegations are speculative and he failed to demonstrate that it would have been useless to challenge the merger. Summary disposition was properly granted in favor of the defendants because the plaintiff lacks standing to challenge the validity of the corporate action. The order granting class certification must be reversed because a person who cannot maintain a cause of action as an individual is not qualified to represent a proposed class with regard to the cause of action.

2. Satisfaction of the requirements of MCL 450.1545a; MSA 21.200(545a) foreclosed the plaintiff's claim under MCL 450.1541a;

MSA 21.200(541a) of breach of fiduciary duty for the failure to obtain maximum value for the stock.

3. The plaintiff failed to identify a corporate structure applicable to HWK under which a duty to obtain the maximum value possible for the stock could be found to have been breached.

4. The plaintiff failed to create a genuine issue of material fact regarding the defendants' disclosure of all material facts.

Affirmed in part and reversed in part.

1. CORPORATIONS — ACTIONS — SHAREHOLDERS.

A shareholder who assents to a corporate transaction generally may not later challenge the validity of the transaction in court; an exception to the general rule allows a shareholder to maintain an action where it is demonstrated that complaining to the directors or requesting that they act differently would have been futile.

2. CORPORATIONS — CORPORATE TRANSACTIONS — INTERESTED DIRECTORS OR OFFICERS.

A corporate transaction involving interested directors or officers, irrespective of the type of action involved, may not be set aside or give rise to an award in damages or other sanctions if the interested directors or officers establish that the transaction was fair to the corporation at the time entered into, or the transaction was approved by independent directors upon disclosure of all material facts, or the transaction was approved by the shareholders upon disclosure of all material facts (MCL 450.1545a; MSA 21.200[545a]).

3. ACTIONS — CLASS ACTIONS — REPRESENTATIVE PLAINTIFFS.

A plaintiff who does not have standing to maintain a cause of action as an individual is not qualified to represent a proposed class of plaintiffs with regard to that cause of action.

*Elwood S. Simon & Associates, P.C.* (by *Elwood S. Simon, Michael G. Wassmann*, and *John P. Zuccarini*), for Howard B. Camden.

*Honigman Miller Schwartz and Cohn* (by *Raymond W. Henney* and *Richard W. Paige*), for Alan J. Kaufman.

*Barris, Sott, Denn & Driker, P.L.L.C.* (by *Eugene Driker* and *Todd R. Mendel*), for Herbert W. Kaufman, Steven D. Kaufman, and Gerald W. Horton.

*Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, P.C.* (by *Joel H. Serlin* and *Barry M. Rosenbaum*), for Neal F. Zalenko, Jeffery W. Barry, and Alan H. Barry.

Before: JANSEN, P.J., and HOOD and WILDER, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants. Defendants cross appeal as of right from an order granting plaintiff's motion for class certification. We affirm in part and reverse in part.

Plaintiff, a former shareholder of H. W. Kaufman Financial Group, Inc. (hereinafter HWK), filed a complaint alleging breach of fiduciary obligations as a result of the cash out of common stock when HWK merged into AJK Acquisition Company (hereinafter AJK). Specifically, plaintiff alleged that he purchased 1,210 shares of HWK on March 2, 1993, 200 shares on June 1, 1995, and 800 shares on June 5, 1995. Defendant Herbert W. Kaufman was the president, chief executive officer, and director of HWK. He also controlled seventy-seven percent of HWK's outstanding common stock. However, defendant Herbert Kaufman later transferred approximately twenty-five percent of the stock to his ex-wife and, following a charitable contribution, he was left with control of forty-nine percent of the outstanding common stock.

Defendant Alan Kaufman, the son of defendant Herbert Kaufman, was treasurer and a director of HWK. He was the principal owner of AJK, the successor corporation, as a result of the merger. All other named defendants were directors of HWK. At the time of the merger's completion, defendants allegedly owned fifty-three percent of the outstanding shares of HWK. Because of the number of shares held by defendants,

the merger was certain to occur. Plaintiff alleged that defendants breached their fiduciary duties to obtain "maximum" fair value for HWK's common stock and "conceived, approved, implemented and completed" the merger for their own personal benefit and to the detriment of plaintiff.

The trial court granted plaintiff's motion for the action to proceed as a class action, despite the fact that a request involving a different shareholder arising out of the same corporate transaction had been denied by the same judge. The trial court also granted defendants' motion for summary disposition, holding that MCL 450.1545a; MSA 21.200(545a) was satisfied. Specifically, the trial court held that plaintiff had failed to dispute that the corporate transaction had been approved by disinterested directors and a majority of the shareholders, including plaintiff, when the proxy statement had disclosed the circumstances surrounding the transaction.

As an initial matter, defendants contend that plaintiff cannot challenge the validity of the corporate merger because he acquiesced to the transaction by approving it. We agree. The general rule is that a shareholder who assents to a corporate transaction may not later challenge the validity of the transaction in court. *Wallad v Access Bidco, Inc*, 236 Mich App 303, 305; 600 NW2d 664 (1999); *Burch v Norton Hotel Co*, 261 Mich 311, 314-315; 246 NW 131 (1933). In the present case, plaintiff admitted that he "looked it [the proxy statement] over a little bit" in that he was able to discern that he would obtain $8.20 a share, but he didn't read it. It is undisputed that plaintiff approved the merger. Accordingly, absent special circumstances, plaintiff is precluded from proceeding with

this litigation because of his approval of the transaction.

Despite the general rule, however, a plaintiff may maintain an action if it is demonstrated that complaining to the directors or requesting that they act differently would have been futile. *Wallad, supra; Burch, supra.* In the present case, plaintiff contends that complaining to the directors would have been futile because the transaction would have been consummated because of the number of shares controlled by defendants Kaufman. Plaintiff's allegations are speculative and fail to demonstrate that it would have been useless to challenge the merger. *Wallad, supra.* Furthermore, MCL 450.1545a; MSA 21.200(545a) limits the challenges to corporate transactions involving interested directors or officers when the transaction is authorized, approved, or ratified by shareholders. Arguably, if plaintiff had taken action, it would not have been futile because he would have alerted the shareholders to any alleged impropriety surrounding the transaction. Accordingly, the general rule governs. Plaintiff's contention that objection would have been futile is without merit, and we hold that plaintiff does not have standing to challenge the validity of the corporate action. We nonetheless will address plaintiff's issues on appeal because they present issues of public significance that are likely to recur in the future, yet evade appellate review. *In re Parole of Scholtz*, 231 Mich App 104, 108, n 3; 585 NW2d 352 (1998).

Plaintiff first argues that his claim of breach of fiduciary duty pursuant to MCL 450.1541a; MSA 21.200(541a), which required that defendants act in a manner to obtain the "best" or "maximum" value

available for the common stock, was not precluded by MCL 450.1545a; MSA 21.200(545a). We disagree. We review summary disposition decisions de novo to determine whether the prevailing party was entitled to judgment as a matter of law. *Hughes v PMG Building, Inc*, 227 Mich App 1, 4; 574 NW2d 691 (1997). MCL 450.1541a; MSA 21.200(541a) provides that a director or officer shall discharge his duties in good faith, with the care of an ordinarily prudent person under like circumstances, and in a manner believed to be in the best interests of the corporation. MCL 450.1545a; MSA 21.200(545a) provides, in relevant part:

> (1) A transaction in which a director or officer is determined to have an interest shall not, because of the interest, be enjoined, set aside, or give rise to an award of damages or other sanctions, in a proceeding by a shareholder or by or in the right of the corporation, if the person interested in the transaction establishes any of the following:
>
> (a) The transaction was fair to the corporation at the time entered into.
>
> (b) The material facts of the transaction and the director's or officer's interest were disclosed or known to the board, a committee of the board, or the independent director or directors, and the board, committee, or independent director or directors authorized, approved, or ratified the transaction.
>
> (c) The material facts of the transaction and the director's or officer's interest were disclosed or known to the shareholders entitled to vote and they authorized, approved, or ratified the transaction.

If statutory language is clear and unambiguous, additional judicial construction is neither necessary nor permitted, and the language must be applied as written. *Ahearn v Bloomfield Charter Twp*, 235 Mich App

486, 498; 597 NW2d 858 (1999). The primary goal of statutory interpretation is to give effect to the intent of the legislative body. *Ballman v Borges*, 226 Mich App 166, 168; 572 NW2d 47 (1997). Meaning should be given to every word of a statute, and no word should be treated as surplusage or rendered nugatory if at all possible. *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). Furthermore, a statute should be construed so as to prevent absurd results, injustice, or prejudice to the public interest. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). Interpretation and application of a statute presents a question of law that is reviewed de novo. *Id*. Statutes that relate to the same persons or things or that have a common purpose are in pari materia. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). When construing a particular statute or interpreting its provisions, all statutes relating to the same subject or having the same general purpose should be read together, even if they do not refer to each other or were enacted at different times. *Id*.

In the present case, plaintiff contends that the claim of breach of fiduciary duty continues in spite of the creation of MCL 450.1545a; MSA 21.200(545a). However, review of the two statutes, which were enacted at the same time, reveals that they relate to unique circumstances. That is, MCL 450.1541a; MSA 21.200(541a) addresses fiduciary duties of directors and officers generally. MCL 450.1545a; MSA 21.200(545a) addresses the circumstances where a corporate transaction involving interested directors or officers may give rise to an award of damages or other sanctions, or may even be set aside. The statute

itself does not name the type of action that is foreclosed, but rather, it appears that irrespective of the type of action involved, a transaction will not be set aside if three alternative criteria are present. Accordingly, plaintiff's contention that MCL 450.1545a; MSA 21.200(545a) has no bearing on MCL 450.1541a; MSA 21.200(541a) is without merit. Furthermore, in *Schulman*, Michigan Corporation Law & Practice (2000 Supp), § 5.13, p 183, it was noted that once proper approval of an interested transaction is obtained, the type of challenges available are limited to waste, fraud, illegality, or the like. Accordingly, plaintiff's contention that his breach of fiduciary duty claim for failing to obtain maximum value survives in spite of MCL 450.1545a; MSA 21.200(545a) is without merit.

Furthermore, while plaintiff alleged that a claim of breach of fiduciary duty to obtain maximum value exists for all corporate actions, authority to the contrary exists. While the parties concede that the corporation was public, they fail to address whether the corporation can also be characterized as a close corporation. A close corporation is deemed to exist under varying circumstances. Where a majority of the stock is owned by one person or where family members control the majority of the stock, the corporation may be deemed closed or closely held. 1 O'Neal's Close Corporations (3d ed), ch 1, §§ 1.01-1.05, pp 2-17. However, the context of a particular close corporation determines the fiduciary duty. *Id.*, ch 7, § 7.20, p 91. In *Bershad v Curtiss-Wright Corp*, 535 A2d 840, 844-845 (Del, 1987), the plaintiff, a minority shareholder of the defendant's subsidiary corporation, challenged the defendant's failure to obtain the best possible price available when the decision to "cash-out"

the minority stockholders was made. The Supreme Court of Delaware rejected this proposition, holding that the effect of any such ruling would impose an affirmative duty on majority shareholders to "auction" the corporation when seeking to cash out the minority. *Id.* In the present case, plaintiff has failed to identify a corporate structure for which we would find a breach of duty to obtain maximum value. Accordingly, we reject plaintiff's contention that defendants, under the circumstances alleged, were obligated to obtain the "maximum" value possible for the stock.

Plaintiff next argues that MCL 450.1545a; MSA 21.200(545a) does not apply because his litigation does not involve "breach of the interest" of the directors or officers involved, but rather, plaintiff's complaint alleges a breach of fiduciary duty. Specifically, plaintiff argued that defendants' breached their fiduciary duty to the minority shareholders because, instead of obtaining the maximum value for shares, they obtained a fairness evaluation. However, plaintiff argued that the breach of fiduciary duty occurred because defendants Kaufman were acting in their own interests and defendant Herbert Kaufman was complying with the terms of his judgment of divorce.[1] Plaintiff's contention that his claim of breach of fiduciary duty is unrelated to an interest of the directors or officers of HWK is merely an exercise in semantics. An exercise in semantics will not create a factual issue precluding summary disposition. *Macomb Co Prosecutor v Murphy*, 233 Mich App 372, 383; 592 NW2d 745 (1999).

---

[1] We have examined the judgment of divorce and conclude that this transaction was not provided for in the judgment of divorce.

Plaintiff next argues that the trial court erred in holding that MCL 450.1545a; MSA 21.200(545a) was satisfied. We disagree. As previously stated, the statute provides that a transaction involving an interested officer or director shall not be set aside or give rise to an award in damages if the person interested in the transaction establishes that the transaction was fair, the transaction was approved by independent directors upon disclosure of all material facts, *or* the transaction was approved by the shareholders upon disclosure of all material facts. MCL 450.1545a(1)(a)-(c); MSA 21.200(545a)(1)(a)-(c). Michigan requires that the interested person demonstrate that the transaction was validated in one of the ways permitted by statute. ABA Model Bus Corp Act (3d ed, 1997 Supp), § 8.61, p 407. Plaintiff makes various factual allegations in support of his claim that all material facts were not disclosed within the proxy statement. However, we find that plaintiff's allegations fail to create a genuine issue of material fact regarding the disclosure by defendants. For example, plaintiff alleges that defendant Alan Kaufman retained Coopers & Lybrand (hereinafter C & L) to assist in preparing his offer for the merger; however, the analysis as prepared by C & L was not disclosed. In addition, plaintiff fails to cite any authority that would require defendant Alan Kaufman to disclose to the shareholders either an evaluation prepared on his own behalf or his own personal belief regarding valuation. Plaintiff also alleges that the evaluation of defendant Neal Zalenko of $11.91 a share was not disclosed. However, plaintiff failed to present any foundation to accompany defendant Zalenko's testimony to indicate that he was qualified to assess the value of the shares. The

excerpts of the deposition testimony indicated that defendant Zalenko's evaluation was not based on a "professional opinion." Rather, defendant Zalenko testified that he used a valuation method designed to obtain "what I [he] would like to get for my shares." Defendant Zalenko acknowledged that his valuation was designed to demonstrate that "they" should be cautious. He then proceeded to acknowledge that missing from his desire to obtain what he would like for his shares was a buyer to pay his evaluated price.

Additionally, plaintiff makes other allegations of failing to disclose material facts. For example, plaintiff alleges that the "special committee" looked to Stuart Sinai for guidance and direction regarding the merger; however, Sinai served as corporation counsel to HWK, was personal counsel to defendant Herbert Kaufman, and had worked with defendants Herbert and Alan Kaufman to prepare for the merger. While plaintiff makes allegations implying a conflict of interest, he has failed to provide the deposition of Sinai to delineate the advice rendered to the various defendants. The conclusion that a conflict of interest exists is a question of fact and is reviewed under the clearly erroneous standard. *People v Doyle*, 159 Mich App 632, 640-641; 406 NW2d 893 (1987). Without specific details regarding exactly what advice was given by Sinai and to whom, it is impossible to determine whether any conflict of interest existed. "This Court will not address an issue that was not decided below unless it is one of law for which all the necessary facts were presented." *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 326; 565 NW2d 915 (1997). Furthermore, we note that MCL 450.1541a(2)(b); MSA 21.200(541a)(2)(b) provides that directors or

officers in "discharging" duties may rely on information, reports, or statements of individuals with personal knowledge of the information, including legal counsel.

The remaining allegations by plaintiff also fail to create a genuine issue of material fact. Plaintiff, through his insinuations,[2] has asked this Court to second-guess the corporate transaction. However, the Legislature revised the statutes governing corporate transactions to give autonomy to corporate transactions that are evaluated by disinterested individuals. In fact, review of the Senate Fiscal Agency Analysis of SB 181, which became 1989 PA 121, reveals that the purpose of the statute was to

—Amend provisions concerning transactions in which a director or officer has an interest to protect a transaction from challenge if it were authorized, approved, or ratified by disinterested board members, independent directors, or shareholders. [Senate Bill Analysis, SB 181, July 24, 1989.]

---

[2] Additionally, it should be noted that plaintiff contends that defendants who comprised the special committee did not meet the statutory requirements for disinterested directors. This argument was not raised by plaintiff below and, consequently, was not addressed by the trial court. Therefore, it is not preserved for appellate review. *Miller v Inglis*, 223 Mich App 159, 168; 567 NW2d 253 (1997). Additionally, it is undisputed that the shareholders approved the merger. In any event, we note that plaintiff contends that defendant directors abandoned their obligations to act on behalf of the shareholders and, instead, acted to advance their own interests. Plaintiff contends that the evidence of self-interest occurred by the *implication* that defendant directors would be entitled to continue as directors in AJK. Plaintiff has failed to demonstrate that a director position in AJK would warrant accepting a lesser cash out value for their own stock in order to accept a position with AJK. While plaintiff has raised insinuations about the benefit to defendant directors, plaintiff has failed to present evidence that accepting a lesser cash out value for their own stock shares served a benefit to defendant directors.

Furthermore, as a supporting argument in favor of passage of the bill, the analysis provided:

> Moreover, the bill would grant businesses the flexibility they need to respond to the very dynamic corporate world and would even provide for an innovative mechanism, the independent director, to ensure the validity and legitimacy of transactions between directors and the corporation. [*Id.*]

It appears that the Legislature intended that the revisions to the statutes governing corporations would be adaptable to adjust to the changing financial world. Judicial scrutiny of corporate transactions requires this Court to second-guess the propriety of corporate action taken when a full understanding of the implications are unknown. For example, in the present case, the parties acknowledge that HWK was a public corporation that was to be privately held following defendant Alan Kaufman's purchase. However, the consequences of such a change in corporate structure, any effect on valuation to defendant Alan Kaufman, and any accompanying effect on shareholders was not discussed by the parties. In 1 Fletcher, Cyclopedia Corporations, §§ 57-59, pp 789-800, it was noted that the differences between public and private corporations can be extensive. The property of private corporations may be taken on levy of process, and secondary liability for corporate debts may also be present in private corporations. *Id.* In the present case, plaintiff has focused on the value received for shares without addressing whether any corporate change in structure had any bearing on the current and later valuation to defendant Alan Kaufman. Under these circumstances, prudence would require that shareholders scrutinize the proxy statement and seek clarification before vot-

ing on any proposed action. The request for judicial intervention after the fact is contrary to the legislative intent that modified the rules governing interested corporate transactions.

Lastly, our conclusion that plaintiff does not have standing to challenge the corporate merger requires reversal of the trial court's order granting class certification. Since plaintiff cannot maintain this cause of action as an individual, he is not qualified to represent the proposed class. *Zine v Chrysler Corp*, 236 Mich App 261, 287; 600 NW2d 384 (1999).

Affirmed in part and reversed in part. We do not retain jurisdiction.