# STATE OF MICHIGAN

# COURT OF APPEALS

DESMOND M. WHITE,

        Plaintiff-Appellant,

and

CITIZENS UNITED AGAINST CORRUPT
GOVERNMENT,

        Plaintiff,

v

HIGHLAND PARK ELECTION COMMISSION,
HIGHLAND PARK CITY CLERK, and
HIGHLAND PARK CITY COUNCIL,

        Defendants-Appellees.

FOR PUBLICATION
October 8, 2015
9:10 a.m.

No. 329222
Wayne Circuit Court
LC No. 15-010104-AW

Before: MURRAY, P.J., and TALBOT and K. F. KELLY, JJ.

MURRAY, P.J.

Plaintiff, Desmond M. White, appeals of right the trial court's final order dismissing plaintiffs' verified complaint for writ of mandamus and declaratory relief. We affirm.

In this election related case, plaintiff challenged multiple policies and acts of defendant Highland Park Election Commission, but most of the issues raised in the complaint were resolved between the parties prior to the circuit court's rulings that are at issue on appeal. What was left for the circuit court to decide was whether MCL 168.674(2) required the Commission to appoint one or more Republican election inspectors. The parties agreed that, of all those who had submitted applications to the Commission to be appointed an election inspector, none had designated themselves as a Republican Party representative. Based upon that undisputed fact, and relying upon both MCL 168.674(2) & (3), the trial court held that: (1) plaintiffs lacked standing to challenge the political party composition of the election inspectors because state law gave that right to the county chairs of a major political party, and (2) in any event, defendants did not violate MCL 168.674(2) because there were no republican representatives that submitted applications to be election inspectors.

We agree with the trial court that plaintiff lacked standing to sue for a perceived violation of MCL 168.674(2). Standing exists, according to the Court in *Lansing Schools Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010), when there exists a legal cause of action or a plaintiff meets the requirements of MCR 2.605. *Lansing Schools Ed Ass'n* sought to return Michigan standing jurisprudence to what it was prior to *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726; 629 NW2d 900 (2001) and *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608; 684 NW2d 800 (2004). Prior to those decisions our Court had stated, amongst many other principles, that a plaintiff must assert her own legal rights and cannot rest her claim on the legal rights or interests of third parties. See, e.g., *In re Epp*, 234 Mich App 582, 598; 595 NW2d 167 (1999), rejected on other grounds by *In re Trejo*, 462 Mich 341; 612 NW2d 407 (2000).

Here, MCL 168.674(2) provides no legal cause of action, neither to this plaintiff nor to any other member of the public, to enforce its provisions. Nor does plaintiff, who as to this issue is no different than all other members of the public (and she has not even alleged that she is a resident of Highland Park, where the electors would have been working), have a substantial interest in seeing the statute enforced. *Lansing Schools Ed Ass'n*, 487 Mich at 372. Indeed, the statute explicitly gives the right to enforce the political party designations to the major political party county chairs, MCL 168.674(3), which is consistent with other parts of the statute that allow those same county chairs to submit names on behalf of their parties to city election officials for use as election inspectors. See MCL 168.673a and MCL 168.674(1). As noted, the statute does not provide for a civil cause of action, but instead provides county chairs with the ability to file administrative appeals to challenge certain inspector appointments. MCL 168.674(3) & (4). In essence, the Legislature has created a form of public enforcement through the administrative appeal process, and has made that process available only to county chairs of the major political parties. Plaintiff does not have standing to sue to enforce the provisions of MCL 168.674. See, e.g., *Wallad v Access Bidco Inc*, 236 Mich App 303, 308; 600 NW2d 664 (1999).

Affirmed. Defendant may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly

-2-