# STATE OF MICHIGAN

# COURT OF APPEALS

LENNOX EMANUEL,

        Plaintiff-Appellant,

v

DAYS INN OF PORT HURON and PORT
HURON NIGHTS, INC.,

        Defendants-Appellees,

and

SHANE STEWART WARD,

        Defendant.

UNPUBLISHED
December 18, 2018

No. 339491
St. Clair Circuit Court
LC No. 16-002222-NO

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

In this action for negligence, premises liability, and assault and battery, plaintiff, Lennox Emanuel, appeals the trial court's order granting summary disposition in favor of defendants, Days Inn of Port Huron (Days Inn) and Port Huron Nights, Inc., under MCR 2.116(C)(10).[1] We affirm.

On September 13, 2014, Emanuel, a licensed attorney in Michigan, received a call from his then-girlfriend, Kristina Reini, asking him to come pick her up from the Days Inn hotel where she was using drugs with her friend Shane Ward. Reini, who was a recovering drug addict, had relapsed that night when Ward reached out to her and asked her if she wanted to use drugs with him. Reini eventually called Emanuel and asked him to come pick her up. Emanuel then drove to the hotel, and he spoke with Reini alone outside of her and Ward's hotel room. Emanuel testified at his deposition that he could see suspected drug paraphernalia inside the room, he knew Ward was in the room, but he did not speak with Ward at that time.

---

[1] Defendant Shane Stewart Ward was never served, therefore, any reference to "defendants" is a reference to Days Inn of Port Huron and Port Huron Nights, Inc.

Reini testified that as she and Emanuel talked near the hotel room doorway, Ward yelled out that he was going to "kick [Emanuel's] ass." According to Reini, she wanted to defuse the situation and told Emanuel to wait downstairs in the hotel lobby while she gathered her things and left. Emanuel testified that he walked down to the lobby and informed the receptionist:

> I told the receptionist, you know, they're up there using drugs, she needs to call the police or do something about it, because, you know, one of the things about Ms. Reini is if there's drugs there it's harder to get her clean, so my idea was you need to do an intervention here, you need to either call the room and tell them I'm calling the police or you need to get out, so that would facilitate all of this quicker. You know, she didn't do that.

> \* \* \*

> I told [the receptionist] to call the police, or at least to call up to the room and threaten them, and that would have gotten them out of there in a nanosecond.

The receptionist declined to call the police.[2] Emanuel further testified that Reini and Ward came downstairs a first time, and Reini talked to Emanuel while Ward stood there. Reini then said she would go get her things and leave. Reini and Ward then went back upstairs while Emanuel waited in the lobby. Eventually, Reini and Ward came downstairs a second time, and Ward confronted Emanuel just outside the lobby doors, demanding that he pay for the hotel room. When Emanuel refused, Ward threw a drink in Emanuel's face, knocked him to the ground, and kicked and punched him numerous times. The receptionist called the police and emergency medical personnel, but Ward had fled by the time the police arrived. Emanuel was transported in an ambulance to a nearby hospital where he underwent surgery to stabilize and repair a fractured left tibia and kneecap.

Emanuel commenced this action, discovery was conducted, and defendants filed a motion for summary disposition claiming that they did not breach their duty of care. In Emanuel's response to the motion, he attached a sworn affidavit to clarify his deposition testimony, claiming that he had told the hotel receptionist that Ward threatened to harm him if he did not pay for the hotel room, and that was the reason Emanuel was urging the receptionist to call the police. Emanuel also stated that he waited 10 to 15 minutes in the lobby before Reini and Ward eventually walked down from the hotel room at which point Emanuel was assaulted. Emanuel had not testified to the fact that Ward physically threatened him or that Emanuel informed the receptionist of those threats. For that reason, the trial court held that his affidavit contradicted his deposition testimony, and the trial court excluded it from consideration in evaluating defendants' motion for summary disposition. The trial court then granted defendants' motion, concluding that the remaining record was not sufficient to establish a genuine issue of material fact regarding whether defendants had satisfied their legal duty of care owed to Emanuel.

---

[2] When asked whether he called the police, Emanuel stated at his deposition: "No. You know, it's the responsibility of the employee of the facility to do that."

On appeal, Emanuel contends that the trial court erred when it declined to consider his affidavit and granted defendants' motion for summary disposition. According to Emanuel, opposing counsel failed to ask him specifically whether Emanuel told the receptionist to call the police because Ward threatened him, and therefore, the affidavit simply clarified and expanded upon Emanuel's deposition testimony describing this interaction with the hotel receptionist. Emanuel also contends that the record, which includes Emanuel's affidavit, supports a finding that defendants did not reasonably respond to an imminent threat on their property, thus breaching their duty to Emanuel as an invitee on the hotel premises. We disagree.

An appellate court reviews a trial court's grant of summary disposition de novo. *Haynes v Village of Beulah*, 308 Mich App 465, 467; 865 NW2d 923 (2014). When this Court reviews a decision on a motion for summary disposition under MCR 2.116(C)(10), it must "consider the documentary evidence presented to the trial court 'in the light most favorable to the nonmoving party.'" *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001), quoting *Harts v Farmers Ins Exch*, 461 Mich 1, 5; 597 NW2d 47 (1999). The parties may support or oppose the motion by submitting affidavits, depositions, and documentary evidence, but those supporting documents shall be considered only to the extent that their content or substance would be admissible as evidence at trial. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999).

The trial court properly grants a motion for summary disposition when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *In re Lett Estate*, 314 Mich App 587, 595; 887 NW2d 807 (2016), quoting *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

A landowner generally does not have an obligation to anticipate or prevent criminal acts perpetrated against invitees on its property. *MacDonald v PKT, Inc*, 464 Mich 322, 334; 628 NW2d 33 (2001). Criminal conduct is generally unforeseeable because a landowner may "reasonably proceed upon the assumption that others will obey the criminal law." *Graves v Warner Bros*, 253 Mich App 486, 493; 656 NW2d 195 (2002), quoting *Papadimas v Mykonos Lounge*, 176 Mich App 40, 46-47; 439 NW2d 280 (1989) (quotation marks omitted).

In *MacDonald*, the Michigan Supreme Court held that merchants, or landowners inviting others onto their land for commercial purposes, are only required to respond reasonably to criminal acts that occur on the premises. *MacDonald*, 464 Mich at 334. A merchant may assume that a landowner's guests or invitees will obey the law until a "specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee." *Id*. at 335. Because the issue of a reasonable response is a question of law, a merchant may fulfill its duty to respond reasonably by making "reasonable efforts to contact the police." *Id*. at 336.

The Supreme Court's decision in *Bailey v Schaaf*, 494 Mich 595, 614; 835 NW2d 413 (2013), extended that principle to landlords and tenants. The Court held that a landlord can fulfill its duty to respond to criminal acts of third parties by "reasonably expediting police

involvement" in the same situation as *MacDonald*, i.e., where the landlord is aware of a specific and imminent risk of harm to an identifiable invitee. *Bailey*, 494 Mich at 614.

Emanuel argues that, pursuant to *MacDonald* and *Bailey*, he produced sufficient evidence to demonstrate a genuine issue of material fact in regard to defendants' motion for summary disposition. Specifically, he claims that the record supports a finding that defendants did not satisfy their legal duty of care owed to Emanuel because an employee failed to call the police sooner. We disagree.

First and foremost, the trial court did not err when it declined to consider Emanuel's affidavit. When a party makes a statement of fact in a "clear, intelligent, [and] unequivocal" manner, those statements "should be considered as conclusively binding against [that party] in the absence of any explanation or modification, or of a showing of mistake or improvidence." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001), quoting *Barlow v John Crane-Houdaille, Inc*, 191 Mich App 244, 250; 477 NW2d 133 (1991). Therefore, a witness is "bound by his or her deposition testimony, and that testimony cannot be contradicted by affidavit in an attempt to defeat a motion for summary disposition." *Bailey v Schaaf*, 293 Mich App 611, 626; 810 NW2d 641 (2011), aff'd in part and rev'd in part on other grounds 494 Mich 595 (2013), quoting *Casey v Auto Owners Ins Co*, 273 Mich App 388, 396; 729 NW2d 277 (2006). A party may not raise an issue of fact merely by "submitting an affidavit that contradicts the party's prior clear and unequivocal testimony." *Palazzola v Karmazin Prod Corp*, 223 Mich App 141, 155; 565 NW2d 868 (1997). However, a party's affidavit that expands upon or clarifies that party's previous deposition testimony may be considered. *Wallad v Access BIDCO, Inc*, 236 Mich App 303, 312-313; 600 NW2d 664 (1999).

At his deposition, Emanuel had two opportunities to describe his interaction with the hotel receptionist that occurred after he visited Reini and Ward's hotel room. Emanuel testified at his deposition that he asked the receptionist to either call the police or, alternatively, call the two guests and threaten them so that they would leave because they were using illegal drugs in the room. Yet, Emanuel claimed in his affidavit that he asked the receptionist to call the police because Ward had threatened him. In fact, Emanuel said at his deposition that Ward did not threaten to harm him until after speaking with the hotel receptionist:

> [*Defense Counsel*]: Did Mr. Ward threaten you at all when you were in the room?
>
> [*Emanuel*]: I was never in the room, no, I –
>
> *Defense Counsel*: Or I'm sorry, when you went up to the room?
>
> *Emanuel*: I didn't even see him. I knew [Ward] was in the room but I didn't see him.
>
> *Defense Counsel*: So you didn't have any conversations with [Ward] while you were in the hallway outside of the [hotel] room?
>
> *Emanuel*: No.

Thus, Emanuel's deposition testimony establishes that Ward's threats occurred only immediately before the confrontation outside of the lobby doors. Moreover, Emanuel testified at his deposition that Reini and Ward walked down to the lobby a first time without incident, but in his affidavit, Emanuel alleges that Reini and Ward came down only once, at which time, Ward assaulted him. There is no doubt that Emanuel's affidavit goes beyond clarifying earlier testimony; instead, he attempts to alter the narrative in contradiction to critical aspects of his deposition testimony. And without the affidavit, the record evidence shows that the hotel receptionist reasonably responded to the confrontation outside of the lobby doors, calling the police once Ward attacked Emanuel. Therefore, summary disposition was properly granted.

Even if we were to consider Emanuel's affidavit, summary disposition was still proper. According to the affidavit, Emanuel asked the receptionist to call the police because Ward threatened him. However, the fact remained that Ward was upstairs at that time and did not pose a risk of imminent harm. In fact, Emanuel asserted in his affidavit that he waited in the lobby for 10 to 15 minutes after asking the receptionist to call the police. The evidence proves that the hotel receptionist responded reasonably by waiting until Ward posed an imminent threat of harm to Emanuel. Before that, the hotel receptionist simply had no duty to protect Emanuel from potential future criminal activity. *MacDonald*, 464 Mich at 334. Defendants' duty to Emanuel arose when there was knowledge of a "specific situation occur[ing] on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee." *Bailey*, 494 Mich at 614; *MacDonald*, 464 Mich at 335. This "specific situation" was Ward's actual assault on Emanuel, and the receptionist reacted reasonably to the assault by calling the police. Thus, even when viewing the evidence in a light most favorable to Emanuel, nothing in the record leaves open an issue upon which reasonable minds might differ in applying *MacDonald* and *Bailey*. Therefore, summary disposition was properly granted.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron