*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN REPUBLICAN PARTY and
REPUBLICAN NATIONAL COMMITTEE,

FOR PUBLICATION
March 7, 2024

Plaintiffs-Appellants,

v

No. 364048
Genesee Circuit Court

DAVINA DONAHUE, WILLIAM KIM, and
STACEY KAAKE,

LC No. 22-118123-AV

Defendants-Appellees.

Before: M. J. KELLY, P.J., and JANSEN and GARRETT, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. I would vacate the trial court's order granting summary disposition in favor of defendants, Davina Donahue, William Kim, and Stacey Kaake, because I believe plaintiffs, the Michigan Republican Party and the Republican National Committee, have standing to bring their claims under the Michigan Election Law, MCL 168.1 *et seq*.

Plaintiffs' action for declaratory relief and mandamus arise from their claims that during the 2022 election cycle, defendants violated the requirements in MCL 168.674 requiring the city's board of election commissioners to "appoint an equal number, as nearly as possible, of election inspectors in each election precinct from each major political party" to work at the polling place, MCL 168.674(2), and the absent voter counting board, MCL 168.765a. Plaintiffs alleged that the board of election commissioners appointed far less Republican election inspectors than Democrat, despite being provided applications and lists of names for prospective election inspectors by plaintiffs. The trial court granted defendants summary disposition on the basis that plaintiffs lacked standing to challenge the parity requirement of the election-inspector appointees.

"The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy. Thus, the standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Lansing Schs Edu Ass'n v Lansing Bd of Edu*, 487 Mich 349, 355; 792

NW2d 686 (2010) (quotation marks and citations omitted). In *Lansing Schs*, the Michigan Supreme Court broadened the proper standing doctrine to be applied than what was previously applied by the Court:

> We hold that Michigan standing jurisprudence should be restored to a limited, prudential doctrine that is consistent with Michigan's long-standing historical approach to standing. Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id*. at 372.]

Here, there is no express cause of action because neither MCL 168.674 nor MCL 168.765a confer standing on plaintiffs to enforce the parity requirement therein, as plaintiffs concede on appeal. I would hold, however, that plaintiffs have standing because they have a substantial interest in the enforcement of these statutes that will be detrimentally affected in a manner different from the public at large if the statutes are not enforced.

MCL 168.674(1) provides that "[t]he board of election commissioners may appoint as an election inspector an individual on the list submitted by a major political party" under MCL 168.673a, who is qualified to serve. In dismissing plaintiffs' claims, the trial court concluded that only the county chairpersons have standing to challenge the appointment of partisan election inspectors. The statute provides the county chair of a major political party the authority to challenge an appointed election inspector based on that individual's qualifications and party affiliation. MCL 168.674(3). This language does not, however, give the county chairperson the authority to challenge the parity requirement. Under the standing requirements provided in *Lansing Schs*, 487 Mich at 372, plaintiffs would not have standing to challenge the credentials of any individual election inspector; however, given the authority to provide lists of potential nominees, I believe they do have standing to challenge the parity requirement. Plaintiffs have unique interests in obtaining inspectors to assure that any Republican-designated candidate is fairly and equally treated during the counting process. This interest is unique and separate from the public at large. And it is particularly important today that parity and oversight be addressed in light of current challenges to the integrity of recent elections.

In *White v Highland Park Election Comm*, 312 Mich App 571, 573; 878 NW2d 491 (2015), this Court held that an individual citizen lacked standing to sue for an alleged violation of MCL 168.674(2) because subsections (3) and (4) gave the county chairs "the ability to file administrative appeals to challenge certain inspector appointments." The majority concludes that the holding of *White* indicates that chairpersons are delegated the authority to enforce the parity requirement on behalf of major political parties. I disagree. If we carry defendants' argument to its logical conclusion that because the county chairperson may challenge credentials, that they have a right to challenge parity, we are met with the plain language of the statute which does not provide the county chairpersons with any explicit authority to challenge the parity requirement. Under the

majority opinion, this could leave no one with the authority to challenge the parity requirement under the statutes. Moreover, the Legislature, by specifically stating that a major political party could submit names for potential election inspectors, acknowledged, and it can be implied that it understood, the specific interest the major political party would have in making sure there is parity in appointing election inspectors. See *Lansing Schs*, 487 Mich at 372.

As the statute provides plaintiffs the ability to submit names for appointment as election inspectors, and provides the county chairpersons only the authority to challenge individual appointment credentials, I believe plaintiffs have standing under *Lansing Schs*, *id*., to challenge the parity requirement. I would therefore vacate the trial court order granting defendants summary disposition on the basis that plaintiffs lacked standing, and remand to the trial court to consider whether plaintiffs are entitled to a writ of mandamus.

/s/ Kathleen Jansen